[No. 2516. · July 20, 1921.]

## GRAYSON v. MEANS & EVANS et al.

### SYLLABUS BY THE COURT.

Where in a suit for a commission the court below, upon conflicting evidence, found that the plaintiff was the procuring cause of the sale, and gave judgment in his favor for an amount which this court cannot say, as a matter of law, is excessive, the judgment of the lower court will be affirmed.

Appeal from District Court, Grant County; Edwin Mechem, Judge.

Action by Ray Grayson against Means & Evans and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Percy Wilson, of Silver City, for appellants.

C. C. Royall, of Silver City, and Vaught & Watson, of Deming, for appellee.

## OPINION OF THE COURT.

RAYNOLDS, J.   The plaintiff below, appellee here, brought suit in Grant county for recovery of a commission or compensation in a purchase which the defendants made of certain ranch property and cattle formerly belonging to the Red River Cattle Company of Socorro county.   The plaintiff recovered judgment below for the sum of $6,500, being 5 per cent. of the purchase price of $100,000 paid for the ranches and 50 cents per head for the 3,000 cattle bought at the same time.   From this judgment the defendants appeal to this court.   Appellant assigns 38 errors, but in his brief asked for reversal upon three propositions: First, that there was no custom shown as to the amount of compensation due in a transaction of this kind; second, that the 5 per cent. commission allowed upon the real estate sale was not justified by the evidence; and, third, that the compensation allowed by the court was excessive, even if the plaintiff was the procuring cause of the sale.   The case was tried by the court without a jury, and the evidence was conflicting on all the material points in controversy.

In regard to the first proposition that there is no custom shown by which the plaintiff was entitled to a commission, it is only necessary to state that the court in finding No. 10 did not base his conclusion upon a custom, but upon a reasonable compensation for the services rendered.

In regard to the second and third propositions that the 5 per cent. commission on the real estate was not justified by the evidence, and the compensation was excessive even if the plaintiff was the procuring cause, we have carefully read the transcript of testimony, and these objections to the judgment

cannot be sustained. There is ample evidence to sustain and justify the finding of the court for the 5 per cent. commission on the sale of the real estate, and this court cannot say that the compensation allowed for the entire transaction in a matter of this magnitude was excessive, in view of the evidence introduced as to similar transactions.

We find no error in the judgment of the lower court, and it is therefore affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.